JUDGE DURKIN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 17CR 239 |
| v. | ) |
| | ) Violations: Title 18, United States |
| JESSICA ARONG O'BRIEN and | ) Code, Sections 1341 and 1344 |
| MARIA BARTKO | ) |

MAGISTRATE JUDGE FINNEGAN

FILED
APR 11 2017
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COUNT ONE

The SPECIAL DECEMBER 2016 GRAND JURY charges:

1. At times material to this indictment:

   a. Defendant JESSICA ARONG O'BRIEN was an attorney licensed to practice law in the State of Illinois, a licensed loan originator and licensed real estate broker in the State of Illinois, and the owner of O'Brien Realty LLC, a licensed Illinois real estate company. O'BRIEN was employed full-time as a Special Assistant Attorney General for the Illinois Department of Revenue in Chicago, Illinois, and part-time as a loan officer for Amronbanc Mortgage Corporation in Lincolnwood, Illinois.

   b. Defendant MARIA BARTKO, a licensed loan originator in the State of Illinois, was employed as a loan officer for Amronbanc Mortgage Corporation in Lincolnwood, Illinois.

  c. Citibank, N.A. and J.P. Morgan Chase Bank, N.A. were financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation.

  d. Citibank, N.A. owned Citibank Domestic Investment Corp., which owned CitiMortgage, Inc.

  e. CitiMortgage, Inc. was in the mortgage-lending business.

  f. Lenders, including Citibank, N.A., New Century Mortgage Corporation, and First Magnus Financial Corporation, required mortgage loan applicants to provide truthful information, including the applicant's financial condition, employment, income, liabilities, and intention to occupy the property, the buyer's identity, any payments made to the buyer for purchasing the property, and the sales price of the property, and lenders, including J.P. Morgan Chase Bank, N.A., required commercial loan applicants to provide truthful information, including the applicant's financial condition and income, all of which was material to lenders' approval, terms, and funding of loans.

  g. Lenders often sold the mortgage loans to other lenders and institutions ("successors"). Lenders disclosed that the mortgage loans could be sold and the likelihood that the mortgage loans would be sold. The information provided in loan applications and supporting documents, including the sales price of the property, the borrower's financial condition, employment, and income, the buyer's identity, and money paid to the buyer for purchasing the

property, was material to the successors' decision to purchase the mortgage loans.

2. Beginning in or about 2004, and continuing until at least in or about 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JESSICA ARONG O'BRIEN and
MARIA BARTKO,

defendants herein, along with others known and unknown to the grand jury, knowingly devised, intended to devise, and participated in a scheme to defraud lenders and successors and to obtain money and property from lenders by means of materially false and fraudulent pretenses, representations, and promises, and concealment of material facts, which scheme affected a financial institution and is further described below.

3. It was part of the scheme that defendants JESSICA ARONG O'BRIEN and MARIA BARTKO, along with others, fraudulently caused lenders to issue and to refinance mortgage and commercial loans in a total amount of at least approximately $1,400,000, by making and causing to be made materially false representations and by concealing material facts in documents submitted to the lenders, including loan applications and supporting documents, real estate contracts, and HUD-1 settlement statements, concerning, among other things, the applicant's employment,

income, liabilities, and intention to occupy the properties, the buyer's identity, money paid to the buyer for purchasing the properties, and the sales price of the properties.

4. It was further part of the scheme that defendant JESSICA ARONG O'BRIEN fraudulently obtained mortgage loan proceeds to purchase an investment property located at 625 West 46th Street, Chicago, Illinois, then, using defendant MARIA BARTKO as the loan originator, fraudulently refinanced her mortgage loans on the 46th Street property and on a second investment property located at 823 West 54th Street, Chicago, Illinois. O'BRIEN then fraudulently obtained a commercial line of credit and used those loan proceeds to maintain the 46th Street and 54th Street properties, before selling the two properties to BARTKO and Buyer A, a straw buyer whom O'BRIEN and BARTKO knew would be fraudulently qualified for mortgage loans.

### Purchase of 625 West 46th Street

5. It was further part of the scheme that in or about August 2004, defendant JESSICA ARONG O'BRIEN caused to be submitted to a lender loan documents for a mortgage loan to finance her purchase of the 46th Street property, knowing that the documents contained materially false information, including false statements regarding her income and liabilities.

6. It was further part of the scheme that defendant JESSICA ARONG O'BRIEN represented on the loan application that her income from the Illinois Department of Revenue was $6,800 per month, knowing that the represented income was false.

7. It was further part of the scheme that defendant JESSICA ARONG O'BRIEN signed and caused to be submitted to the lender a Certification of Borrower Income that affirmed that O'BRIEN had provided truthful and accurate income information to the lender, knowing that the certification was false.

8. It was further part of the scheme that defendant JESSICA ARONG O'BRIEN represented to the lender that she had disclosed all of her liabilities, knowing that she had failed to disclose a mortgage loan liability in excess of $260,000 that O'BRIEN and Individual A owed in connection with their ownership of Property A in Chicago.

### Refinancing of Loans for
### 625 West 46th Street and 823 West 54th Street

9. It was further part of the scheme that in or about September 2005, defendant JESSICA ARONG O'BRIEN, who had purchased the 54th Street property in 2004 approximately one month after she purchased the 46th Street property, through defendant MARIA BARTKO as the loan originator, caused to be submitted to a lender loan applications to refinance O'BRIEN's mortgage

loans on the properties, knowing that both applications contained materially false statements regarding O'BRIEN's income and employment.

10. It was further part of the scheme that defendant JESSICA ARONG O'BRIEN falsely represented on the loan refinance applications that her only employer was O'Brien Realty, when she was working full-time as an attorney for the Illinois Department of Revenue.

11. It was further part of the scheme that defendant JESSICA ARONG O'BRIEN represented on the loan refinance applications that her income from O'Brien Realty was $20,000 per month, knowing that the represented income was false.

12. It was further part of the scheme that defendant JESSICA ARONG O'BRIEN signed and caused to be submitted to the lender Borrower's Certifications for both loan refinance applications that included a certification that O'BRIEN did not make any misrepresentations or omit any pertinent information in the loan application materials, knowing that those certifications were false.

### Commercial Line of Credit

13. It was further part of the scheme that, in or about November 2006, defendant JESSICA ARONG O'BRIEN caused to be submitted to a lender, J.P. Morgan Chase Bank, N.A., materially false information to obtain a commercial

line of credit for O'Brien Realty, and used those loan proceeds to pay expenses related to the 46th Street and 54th Street properties.

14. It was further part of the scheme that defendant JESSICA ARONG O'BRIEN, in applying for the line of credit, represented that O'Brien Realty's annual revenue was $150,000 and annual profit was $100,000, knowing that the represented revenue and profit information was false.

### Sales of 625 West 46th Street and 823 West 54th Street

15. It was further part of the scheme that, in or about March 2007, defendants JESSICA ARONG O'BRIEN and MARIA BARTKO agreed that O'BRIEN would sell the 46th Street and 54th Street properties to BARTKO. However, because BARTKO did not have good enough credit to qualify for loans to purchase the properties, O'BRIEN and BARTKO agreed that BARTKO would recruit Buyer A to purchase the properties, on consecutive days in April 2007, both knowing that false information would be submitted to lenders, including Citibank, N.A., to qualify Buyer A for the mortgage loans.

16. It was further part of the scheme that defendant JESSICA ARONG O'BRIEN paid defendant MARIA BARTKO and Buyer A to purchase the two properties, knowing that these payments were concealed from the lenders funding the mortgage loans.

17. It was further part of the scheme that defendant JESSICA ARONG O'BRIEN and Buyer A signed and caused to be submitted to the lenders HUD-1 settlement statements that each included a certification by O'BRIEN and Buyer A that the HUD-1 was a true and accurate statement of all receipts and disbursements made by them in the transaction, knowing that such certifications were false.

18. It was further part of the scheme that defendants JESSICA ARONG O'BRIEN and MARIA BARTKO knowingly caused BARTKO's status as a buyer to be concealed from the lenders by knowingly omitting her from the loan documents, including the HUD-1 settlement statements, loan applications, and real estate contracts.

19. It was further part of the scheme that defendants JESSICA ARONG O'BRIEN and MARIA BARTKO caused to be submitted to the lenders real estate contracts, HUD-1 settlement statements, and loan applications, all of which O'BRIEN and BARTKO knew fraudulently inflated the sales price of the properties.

20. It was further part of the scheme that, as defendants JESSICA ARONG O'BRIEN and MARIA BARTKO knew, Buyer A's loan applications falsely represented that Buyer A intended to occupy as his primary residence the 46th Street property and the 54th Street property, respectively.

21. It was further part of the scheme that, as defendants JESSICA ARONG O'BRIEN and MARIA BARTKO knew, Buyer A's loan applications falsely overstated Buyer A's income.

22. It was further part of the scheme that defendants JESSICA ARONG O'BRIEN and MARIA BARTKO misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, acts done in furtherance of the scheme and the purpose of those acts.

23. On or about April 16, 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JESSICA ARONG O'BRIEN and
MARIA BARTKO,

defendants herein, for the purpose of executing the scheme to defraud, knowingly caused to be deposited, to be sent and delivered by United Parcel Service, a commercial interstate carrier, according to the directions thereon, an envelope containing a payoff check in the amount of approximately $297,208.96, addressed to LSAMS1 Payoff Department OH4-7137, Chase Home Finance, 3415 Vision Drive, Columbus, OH 43219-6009, for payment relating to the purchase of the property located at 625 West 46th Street, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1341.

## COUNT TWO

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

1. Paragraph 1 of Count One is incorporated here.

2. Beginning in or about 2004 and continuing until at least in or about 2007, in the Northern District of Illinois, Eastern Division, and elsewhere,

JESSICA ARONG O'BRIEN,

defendant herein, knowingly participated in a scheme to defraud and to obtain money and funds owned by and under the custody and control of a financial institution, by means of materially false and fraudulent pretenses, representations and promises, and concealment of material facts, which scheme is further described below.

3. Paragraphs 3 through 22 of Count One are incorporated here.

4. On or about April 16, 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JESSICA ARONG O'BRIEN,

defendant herein, knowingly executed and attempted to execute the scheme to defraud by causing Citibank, N.A., a financial institution, to fund a mortgage loan in the amount of approximately $73,000 for Buyer A's purchase of 625 West 46th Street, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1344.

## FORFEITURE ALLEGATION

The SPECIAL DECEMBER 2016 GRAND JURY further alleges:

1. The allegations of Counts One and Two are incorporated here for the purpose of alleging forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(2).

2. As a result of their violations of Title 18, United States Code, Sections 1341 and 1344, as alleged in Counts One and Two of this indictment,

JESSICA ARONG O'BRIEN and
MARIA BARTKO,

defendants herein, shall forfeit to the United States, any and all right, title, and interest they may have in any property, real and personal, which constitutes and is derived from proceeds defendants JESSICA ARONG O'BRIEN and MARIA BARTKO obtained directly and indirectly as result of the offenses charged in Counts One and Two.

3. If any of the property subject to forfeiture and described above, as a result of any act or omission of defendants:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the court;

    d. Has been substantially diminished in value; or

  e.  Has been commingled with other property which cannot be divided without difficult;

the United States of America shall be entitled to forfeiture of substitute property pursuant to the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461.

All pursuant to Title 18, United States Code, Section 982(a)(2).

A TRUE BILL:

_____
FOREPERSON

_____
ACTING UNITED STATES ATTORNEY