**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 17-CR-239 |
| | ) | |
| | ) | Judge Thomas M. Durkin |
| JESSICA ARONG O'BRIEN and | ) | |
| MARIA BARTKO. | ) | |

**DEFENDANT JESSICA ARONG O'BRIEN'S MOTION**
**FOR EXTENION OF TIME TO FILE RULE 29 MOTION FOR**
**ACQUITTAL AND RULE 33 MOTION TO FOR A NEW TRIAL**

Defendant, Jessica Arong O'Brien ("Ms. O'Brien"), through her attorneys respectfully moves this Court for an extension of time in which to file her Rule 29 Motion for Acquittal and Rule 33 Motion for a New Trial. In support thereof, Ms. O'Brien states as follows:

1) The Indictment lodged against Ms. O'Brien involves two transactions that occurred in April 2017 and includes other transactions dating back to 2006, 2005 and 2004.

2) There are a number of substantial issues that Ms. O'Brien has raised pretrial, including a Motion to Dismiss Based on Duplicity, Motion to Dismiss Based on Perjured Grand Jury Testimony, Motion to Dismiss Based on Pre-indictment Delay and a Motion to Dismiss Based on the passing of the Statute of Limitations. Although each of these motions was denied, the issues have been preserved for appeal.

3) Beginning on February 5, 2018, this matter was tried to a jury. Prior to trial and during trial the undersigned counsel raised additional issues relating to and involving such things as jury instructions, indictment surplusage, and the admissibility of evidence relating to transactions which the undersigned did not believe were part of the alleged scheme Ms. O'Brien

was indicted on (such as the Kwan Bartko Quit Claim). In addition, the undersigned raised issues in multiple motions *In Limine*, some of which were denied.

4) In addition to the above, after the Government rested, defense counsel filed a Rule 29 Motion identifying a number of issues including many of the ones previously raised, as well as issues involving the sufficiency of the evidence. Although this Court has yet to rule on this motion, defense counsel renewed its motion at the close of its case and again after the Government argued. In short, there is and was insufficient evidence to conclude that Ms. O'Brien is guilty of any scheme, as alleged in the indictment and in fact, there is insufficient evidence to support a jury finding as to the only execution that could have occurred within the ten-year statute of limitations. In other words, there are multiple grounds for appeal.

5) In addition to the above, while the jury was deliberating and prior to reaching their verdict, the jury did have a question with regard to the second element of Count II of the Indictment. This element involved the entity that purportedly funded the $73,000 loan. In fact, the jury note asked whether they could "rephrase" the language of Count II, element two. This issue was very significant at trial and would have led to the dismissal of the Indictment or the finding of not guilty because if an FDIC bank (Citibank, N.A.) did not fund the second note, Count I and II would be subject to dismissal.

6) On Thursday, February 15, 2018, the guilty verdict was received. On that day, the Court allowed defense counsel up to and including March 1, 2018 to file their Rule 29 Motion for Acquittal. Although the Court's Order did not mention the time period to file the Motion for a New Trial, per the time period set out in the rule, Ms. O'Brien would have fourteen days from the verdict (or until March 1, 2018) to file her Rule 33 Motion, unless the Court grants an extension within that time period.

7) Sentencing for Ms. O'Brien is currently not set until July 6, 2018.

8) Ms. O'Brien does not believe this extension of time will in any way prejudice the Government. Rather this extension will allow time for her to obtain the record (which will not be ready until at least the third week of March 2018) and will further allow her time to retain new counsel and determine how best to proceed. Further, Ms. O'Brien has indicated that she will seek to appear pro se, if or until she retains new counsel to represent her in this matter.

9) In light of the numerous issues which Ms. O'Brien would like to raise under one or both motions, the undersigned respectfully seeks a 90-day extension of time in which Ms. O'Brien may file her Rule 29 and Rule 33 Motion for a New Trial or up to and including May 19, 2018.

WHEREFORE, Defendant Jessica Arong O'Brien, through her attorneys, respectfully requests that this Honorable Court enter an order allowing her up to and including May 19, 2018 in which to file her post-trial motions Under Rule 29 and 33 of the Federal Rules of Criminal Procedure.

Dated: February 20, 2018                    Respectfully submitted,

                                            JESSICA ARONG O'BRIEN


                                        By: /s/ Ricardo Meza_____
                                            One of the attorneys for Defendant

Ricardo Meza, ARDC No. 6202784
rmeza@greensfelder.com
Elizabeth Austermuehle, ARDC No. 6302326
eaustermuehle@greensfelder.com
Greensfelder, Hemker & Gale, P.C.
200 West Madison Street, Suite 3300
Chicago, IL 60606
T 312-419-9090
F 312-419-1930

Donald J. Angelini, Jr., ARDC No. 6194334
dangelini@amwolawil.com
Angelini, Mills, Woods & Ori, LLC
155 North Michigan Ave., Ste. 400
Chicago, Illinois  60601
T (312) 621-0000
F (312) 621-0001

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing was served on all parties receiving notice via the Court's CM/ECF system this 20th day of February 2018.

/s/ Ricardo Meza
Ricardo Meza