UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> JESSICA ARONG O'BRIEN ) <br> ) | No. 17 CR 239 <br><br> Hon. Thomas M. Durkin |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Lawyers take an oath to uphold the law at the time they become licensed to practice. When lawyers encounter fraudulent conduct, our society relies on them to stop it, or at the very least, to walk away and not take part. Lawyers are not supposed to engage in repeated fraudulent and illegal conduct and then, when they get caught, decry the prosecution as a miscarriage of justice. But that is exactly what the defendant did in this case.

In 1998, the defendant passed the bar exam and became licensed to practice law in Illinois. She also obtained a Masters in Taxation. After several years working as a tax attorney in private practice, she became a tax attorney at the Illinois Department of Revenue. While she was working as a government tax attorney, she started her own real estate business, became a licensed real estate broker and a licensed loan originator, and worked part-time as a loan officer at a mortgage brokerage.

1

In 2004, despite all of her education, expertise, and gainful employment, she began to engage in mortgage fraud. Specifically, the defendant lied about her income and concealed her biggest liability on a loan application in order to obtain a loan to finance the purchase of an investment property on 46th Street in Chicago. She bought a second investment property on 54th Street. The scheme continued as she substantially inflated her income on applications to refinance the loans on those properties in 2005; lied about her real estate company's revenue, profits and liabilities in order to obtain a loan that was used to maintain the investment properties; and sold the properties to a straw buyer in 2007 and paid kickbacks to the true buyer out of the proceeds of the sales. Unsurprisingly, the properties ended up in foreclosure and the lenders lost approximately $660,000.

After being charged in this mortgage fraud case in 2017, the defendant at various times attacked the victim lender, attacked the government, and attacked her cooperating co-defendant, and has generally portrayed this prosecution as a miscarriage of justice. The reality is that the defendant engaged in blatantly fraudulent conduct for years and the evidence of her guilt was overwhelming. Despite the weight of the evidence and the jury verdict after trial, the defendant has shown no remorse and no acceptance of responsibility. The defendant engaged in serious criminal conduct that merits substantial punishment from this Court, both to punish the defendant and deter other would-be white-collar defendants.

The government agrees with probation that the defendant's advisory Guidelines sentencing range is 37-46 months. When balancing the aggravating factors referenced above with mitigating factors—including the dated nature of the conduct, the defendant's lack of criminal history, and the good that the defendant has done in her life—the government believes that a below-Guidelines sentence of 24 months' imprisonment is the appropriate sentence in this case.

## I.     Background

The government will assume familiarly with the government's version of the offense in order to reduce the length of this filing.  The government's version is hereby incorporated by reference.

### Additional Information Relevant to the 18 U.S.C. § 3553(a) Factors

The government obtained the following information from a variety of sources, including records from the Illinois Department of Revenue, the Illinois Department of Financial Regulation, and the lenders. The defendant graduated from law school in 1998, passed the bar exam, and has been admitted to practice law in Illinois since 1998.  In addition to her law degree, the defendant obtained a Masters in Taxation. Between 1998 and 2000, the defendant worked for a private law firm as a tax attorney.  According to an IDOR promotional application that appears to be in the defendant's handwriting, while in private practice, the defendant prepared and amended tax returns for clients and counseled clients and firm attorneys about tax issues. GX IDOR 11.

In 2000, the defendant took a job at the IDOR as a Special Assistant Attorney General. She worked in the income, litigation, and property tax groups. She worked at IDOR as a tax attorney for more than 10 years. According to a resume the defendant submitted in connection with a loan application, in 2008, the defendant was appointed to lead the IDOR Fraud Tax Force. *See* CRSBS_001_0057.

The defendant worked part-time as a loan officer for Amronbanc from approximately 2004 through 2009. The defendant was a licensed real estate broker for at least 10 years, from approximately 2004 until 2014. The defendant was a licensed loan originator as well, first obtaining her provisional loan originator license in June 2004. The defendant was also the owner of O'Brien Realty, a licensed Illinois real estate company.

## II. The Probation Officer's Offense Level Calculation.

The probation officer concluded that the defendant's offense level was 21 and that her criminal history category was I. This is based on a base offense level of 7 and an increase of 14 levels for the amount of loss. The government agrees with the probation officer. With an offense level of 21 and a criminal history category of I, the Guidelines range is 37 to 46 months' imprisonment.

**Restitution**

Restitution is mandatory in this case. The Court should order the defendant, jointly and severally with co-defendant Maria Bartko, to pay a total of $660,000 in restitution: (1) $315,000 to CitiGroup; and (2) $345,000 to Federal National Mortgage

4

Corp (Freddie Mac) Restitution Administrator.

### III.   The Factors Set Forth in 18 U.S.C. § 3553(a) Warrant a Sentence of 24 Months' Imprisonment.

A sentence of 24 months is appropriate in this case because the § 3553(a) factors weigh in favor of such a sentence. A sentence of lower than 24 months is not warranted by the individualized facts in this case.

#### A. Seriousness of the Offense and Nature and Circumstances of Offense

This was a serious offense. The defendant repeatedly lied about her income and liabilities in a scheme that resulted in more than $1.8 million of fraudulently-obtained loans. GX Summary 8. The defendant herself obtained approximately $360,000 of the fraudulently-obtained loan proceeds. *Id*. This was not simply one or two poor decisions or a fleeting lapse of judgment. It was a scheme to defraud executed on numerous occasions against numerous victims over a period of approximately three years. The offense was serious and the nature and circumstances of the offense were aggravating.

Further, even though the government is not seeking a leadership enhancement, the defendant's role in the offense is aggravating. She was the driving force behind this fraud scheme. The defendant was the one who lied and the one who obtained the most money. She was also the most sophisticated individual who participated in the scheme.

The nature of the crime is aggravating. Mortgage fraud has been a significant

5

contributor to the nation's financial woes, wreaking havoc from residential neighborhoods to global financial centers. It contributed—particularly during the time period at issue here—to a dramatic increase in home foreclosures, leaving clusters of empty and shuttered neighborhoods in many states. It triggered a steep decline in home prices, devaluing many families' primary asset. Unscrupulous individuals who worked in the real estate industry and used their knowledge and expertise to commit fraud—such as the defendant—contributed to these problems.

Unsurprisingly, selling properties to an undisclosed buyer who cannot qualify for the mortgage loans via a straw buyer who was fraudulently qualified for mortgage loans is a recipe for disaster. That is exactly what happened here. Neither the real buyer Bartko nor the straw buyer Kwan had the resources to pay back the loans and the properties went into foreclosure. The upshot of the 2007 transactions was that the defendant walked away with over $220,000 in proceeds (less the kickbacks she paid to Bartko) and the lenders lost $660,000.

**B. History and Characteristics**

The history and characteristics of the defendant weigh in favor of the government's recommended sentence. The defendant was a government attorney, a licensed loan originator, and a licensed real estate broker. She obviously knew better than to do what she did. She not only violated criminal laws, she repeatedly violated the oath she took as an attorney to follow and uphold the law. Her status as an attorney is a particularly aggravating factor in this case.

Make no mistake about it, the defendant did this because she wanted to make money. That is the case with most frauds. The defendant's conduct in this case was motivated by greed and an arrogant belief that she would not get caught.

The defendant's lack of remorse and her complete refusal to accept responsibility stand out as aggravating factors in this case. Throughout this proceeding, without any basis, the defendant has portrayed herself as a victim. The victim of the lenders. The victim of an unjust prosecution. The victim of Maria Bartko's purported lies. The defendant seems to blame everyone other than herself for this prosecution. The refusal to show remorse or accept any responsibility for her actions likely stems from pride and arrogance, but whatever the cause, it reflects poorly on the defendant.

That said, the government believes that there is enough mitigation in this case to merit a below-Guidelines sentence and the government views 24 months' incarceration as the appropriate sentence here. In terms of mitigation, the criminal conduct is dated, the defendant has no criminal history, and the defendant has done a lot of good in her life. These are relevant considerations for the Court.

### C. The Need for Deterrence

The need to afford adequate deterrence to others is a critical part of the sentence to be imposed in this case for a number of reasons. First and foremost, defendant is the exact type of defendant who committed the exact type of crime where general deterrence matters. Mortgage fraud is a white collar crime often committed

7

by educated and affluent defendants. This was not a crime of need or passion. Crimes of this nature can be deterred with punishment that includes meaningful terms of incarceration. Other would-be defendants who are thinking about committing mortgage fraud will think twice if they believe their actions will have serious consequences. These consequences cannot simply be disgorgement of ill-gotten gains or the payment of fines. Instead, the consequences must include serious sentences of incarceration to be effective in deterring others.

Similarly, the need for general deterrence is further heightened because of defendant's status as an attorney. Attorneys in real estate transactions are gatekeepers. When attorneys such as defendant facilitate fraudulent transactions, it emboldens fraudsters to continue in their criminal ways. The Court should impose a significant enough sentence against the defendant to deter other attorneys from engaging in this type of fraudulent conduct.

Finally, mortgage fraud cases can be difficult to detect and prove, and lucrative to the participants. Thus, it is important that sentences in this and other fraud cases serve to deter individuals from committing the same crime. *See United States v. Heffernan*, 43 F.3d 1144, 1149 (7th Cir. 1994) ("Considerations of (general) deterrence argue for punishing more heavily those offenses that either are lucrative or are difficult to detect and punish, since both attributes go to increase the expected benefits of a crime and hence the punishment required to deter it.").

A sentence of 24 months' incarceration in this case would deter others from

committing fraud, promote respect for the law, and would provide just punishment for defendant. Such a sentence would be a strong message to defendant and other would-be mortgage fraud defendants that their conduct is serious and will be punished accordingly.

### IV. Conclusion

For these reasons, the Court should sentence the defendant to a term of imprisonment of 24 months.

Dated: October 26, 2018									Respectfully submitted,

											JOHN R. LAUSCH, JR.
											United States Attorney

									By:	/s/ Matthew F. Madden
											MATTHEW F. MADDEN
											TYLER MURRAY
											Assistant United States Attorneys
											219 South Dearborn Street
											Chicago, Illinois 60604
											(312) 886-2050