IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 17 CR 239-1 Judge Thomas M. Durkin |
| JESSICA ARONG O'BRIEN, | ) ) ) | |
| Defendant. | ) | |

### JESSICA ARONG O'BRIEN'S MOTION TO VACATE THE NOVEMBER 20, 2018, SENTENCING DATE

Jessica Arong O'Brien (hereafter defendant or Jessica), by and through her just retained sentencing co-counsel, Allan A. Ackerman, respectfully moves this Court vacate her current November 20, 2018, sentencing date. Undersigned counsel requests that the court reset the sentencing date so that he may participate in Jessica's sentencing with a reasonable understanding of the facts and circumstances giving rise to the litigation at hand.

1. On Friday last, undersigned agreed to participate in Jessica's sentencing after communicating with her PTM and sentencing lawyer, Steven A. Greenberg. Undersigned also immediately contacted AUSA Matthew Madden in connection with his seeking an opportunity to reasonably participate in Jessica's sentencing.

2.    Undersigned has commenced reading the voluminous posttrial filings, including this Court's insightful order rejecting PTM relief.[1]

3.    In preparation for her sentencing, on 10/26/18 (Doc. #299), Jessica submitted a 17 page sentencing memo (with additional exhibits). The government filed its 9-page sentencing memo on 10/26/18 (Doc. #300). On 11/2/18, the government filed its response to Jessica's sentencing memo. In short order, on 11/4/18, Jessica filed her reply to the government's responding sentencing memo (Docs. #301 & 302). The blended sentencing filings (excluding her PSR) cover approximately 49-pages (including defendant's sentencing exhibits).

4.    Absent dispute, it is clear that sentencing is a critical stage "at which the Sixth Amendment requires the [effective] assistance of counsel." Jackson v. Miller, 260 F.3d 769, 775 (7th Cir. 2001) (collecting cases). *Cf.* Glover v. U.S., 531 U.S. 198, 121 S.Ct. 696 (2001) (reversing USCA 7, holding that defendant was deprived of effective assistance of counsel because sentencing counsel misunderstood or failed to assert USSG errors, and, *inter alia*, "[a]ny amount of actual jail time has Sixth Amendment significance." 121 S.Ct. at 700 (citations omitted).

---

[1] The lengthy PTM filings appear in the record as Docs. #277, 283, 288 and 292. The defense and government filings, coupled with this Court's well-reasoned order rejecting relief, consume approximately 185 pages. Jessica's opening PTM cites approximately 75 cases, statutes and federal rules. The government's responsive filing (Doc. #283), incorporates some 35 citations, including references to federal statutes and rules. Defendant's PTM reply (Doc. #288) includes citation to approximately 40 additional decisions. This Court's Memorandum Opinion rejecting PTM relief is 45 pages, citing numerous decisions, as well as federal statutes and rules.

5. Undersigned *is not* intimating that current sentencing counsel, Steven A. Greenberg, is either incompetent or ineffective. Quite to the contrary, it may turn out that upon careful examination of his sentencing arguments, nothing new will be added. Rather, upon careful review, it may develop that he may have either omitted or misunderstood one of the components comprising Jessica's sentencing. Again—to clarify: undersigned *is not* so much as suggesting any sentencing oversights by attorney Greenberg. Rather, Jessica is simply requesting that undersigned have the opportunity to carefully review the voluminous PTM and sentencing filings, with a view toward consulting with attorney Greenberg in order to discern whether any additional sentencing argument (or arguments) should be advanced.[2]

6. Undersigned has spoken with attorney Greenberg who has absolutely no objection to undersigned participating in Jessica's sentencing proceedings. Undersigned spoke with AUSA Madden and the government seemingly opposes resetting the current 11/20/18 sentencing date.

7. Undersigned invokes the proverb recorded in John Heywood's 1546 dialogue: "Two heads are better than one." Hence, undersigned respectfully suggests that granting a short delay in Jessica's sentencing permits the level of

---

[2] For example, on 10/29/18, the 7th Circuit vacated Keith Austin's sentence in U.S. v. Austin, No. 16-3211. In part, Austin's new sentencing was the result of an erroneous district court restitution order which, on appeal, the government "now admits that its [loss] chart included financial institutions as "victims" that the bank fraud statute at the time of Austin's conduct did not define as "financial institutions." Austin, No. 16-3211 at Slip. Op. 11 (internal quotation marks in original).

consultation consistent with Heywood's wise words.

     WHEREFORE, undersigned respectfully moves that this Court enter an order vacating Jessica's November 20, 2018, sentencing date. If this motion is granted, then this Court will enter its order resetting Jessica's sentencing to a date convenient to this Court and counsel.

                                                 Respectfully submitted,

                                                 /S/ Allan A. Ackerman
                                               Allan A. Ackerman
                                               One of the attorneys for Defendant
                                               Jessica Arong O'Brien

Allan A. Ackerman
Allan A. Ackerman, P.C.
19 S. LaSalle Street
Suite 502
Chicago, IL 60603
Telephone: (312) 332-2891
Facsimile: (312) 750-1595
Email: profaaa@aol.com