IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 CR 239 |
| v. | ) | |
| | ) | |
| JESSICA ARONG O'BRIEN, | ) | Hon. Thomas M. Durkin, |
| | ) | *Judge Presiding*. |
| Defendant. | ) | |

### DEFENDANT JESSICA ARONG O'BRIEN'S SUPPLEMENTAL REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM and ADDITIONAL OBJECTION

Defendant Jessica Arong O'Brien submits the following in reply to the Government's Response to Defendant's Sentencing Memorandum:

In its response, the government felt it needed to make "one more assertion" and provided documents that it claims detail an "additional fraud". The government's explanation for its submissions is that Ms. O'Brien said "no evidence exists" regarding the additional alleged fraud. While the statement is true, it misinterprets Ms. O'Brien's statement.

In its version of the offense—submitted well before the presentence investigation report (PSR) was completed—the government referred to "another loan" it alleged was fraudulently obtained. No details were provided regarding that loan, no documentation was submitted to support the fraud allegation, and no loan was identified. Rather, the government voiced its intention to supplement its version of the offense regarding that particular loan (in advance of PSR completion).

However, no supplement was submitted before the PSR was filed; nor was any submitted when the parties filed their respective sentencing memoranda.

The government waited until it filed its response to defendant's sentencing submissions and then submitted its supplemental version. Ms. O'Brien's objection—presented in her sentencing memorandum—concerned the government's suggestion that there was another—unidentified fraudulently obtained loan. Defendant's plaint relates to the timing of the government's current submission—there is no excuse for waiting until its response to furnish details—or to infer—it was aggravating that she questioned the vague [loan] allegation.

However, the government claims it had "substantial evidence" of fraud with respect to a $12,500.00 SBA loan all along (obtained in 2010); its evidence consists of tax returns and an incomplete handwritten application that Ms. O'Brien agrees she signed. The government claims she fibbed concerning her average monthly sales, her actual sales, and misrepresented her "liquid assets/cash in bank." There is no suggestion from any witness there was fraud.

The government supports its fraud-SBA loan contentions by pointing out the small balance in her O'Brien Realty bank account. But that entry is made in two places: (1) where she is listed as the principal, and (2) where she is listed as a guarantor. Both sections contain the same information: that Ms. O'Brien had approximately $30,000.00 in liquid assets. It is reasonable to suggest that whomever completed the application was looking at her personal liquid assets and not simply the amount in the business bank account. Moreover, a $30,000.00 liquid

asset balance was likely far understated because in each of the years reflected in the tax returns, Ms. O'Brien and her husband had treasury notes, certificates of deposit, and investment accounts exceeding $30,000.00.

As to the actual sales, the lender would have had to, as required by SBA regulations, verify the information by obtaining a copy of the tax returns and other financial information:

> **Verification of Financial Information to Tax Transcripts**
>
> Prior to submitting an application for an SBA loan, lenders must obtain income tax return transcripts from the IRS. The lender must verify the transcripts to information provided by the borrower and used by the lender to evaluate repayment of the loan. For delegated lenders (PLP or SBA Express), the transcripts must be obtained and verified prior to first disbursement.
>
> The SBA requires that the tax verification process be documented in the credit memo and must determine if:
>
> 1. The small business applicant filed business tax returns; and
> 2. The small business applicant's financial statements provided as part of the application agree with the business tax returns submitted to the IRS.
>
> The lender must verify the Schedule C for a sole proprietorship and for a change of ownership, the lender must verify the seller's business tax returns.
>
> Tax transcripts may be requested by submitting an IRS Form 4506-T to the Internal Revenue Service in order to obtain federal income tax information on borrowers for the last 3 years. For quicker responses, the Internal Revenue Service (IRS) has implemented the Income Verification Express Service (IVES) program which is an expedited service that lenders can use to confirm the income of a borrower during the processing of a loan application. Under IVES, the IRS can electronically

3

> provide tax return transcript generally within two business days to a third party with the consent of the taxpayer. More information on how to obtain access to and utilize the IVES system can be found at: http://www.irs.gov/Individuals/Income-Verification-Express-Service.

Verification of Financial Information to Tax Transcripts, U.S. Small Business Administration, https://www.sba.gov/offices/district/mo/st-louis/resources/verification-financial-information-tax-transcripts.

There is no reason to infer that the lender did not follow proper procedures and verify application information—notwithstanding the government's contrary claim. This was not a car loan given in a finance managers office, but, rather, a back and forth bank process. Defendant contends that her 2010 SBA loan was a properly obtained legitimate loan, that was fully paid, on-time.

<u>Additional Objection:</u>

The Seventh Circuit recently decided United States v. Austin, No. 16-3211, 2018 WL 5318271. The Austin Court explained that restitution could only be for the financial institution as it was defined at the time of the offense. A similar argument was advanced, but not reached regarding U.S.S.G. loss amounts because the Austin Court vacated and remanded for plenary resentencing.

Defendant objects to any loss or restitution that does not properly include an "Austin victim". Thus, she renews and incorporates herein her arguments regarding an improper "scheme" and which entities were properly included as "financial institutions."

                        Respectfully submitted,

                        <u>/s/ Steven A. Greenberg</u>
                        *Attorney for Defendant*

STEVEN A. GREENBERG
Greenberg Trial Lawyers
53 W. Jackson Blvd., Ste. 1260
Chicago, IL 60604
(312) 879-9500
Steve@GreenbergCD.com

Allan A. Ackerman
Allan A. Ackerman, P.C.
19 S. LaSalle Street, Suite 502
Chicago, IL 60603
(312) 332-2891
profaaa@aol.com