

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA )
)
)
v. )                  No. 17-CR-239
)
)                  Judge Thomas M. Durkin
JESSICA ARONG O'BRIEN, )
   *Defendant* and )
)
JUDGES RETIREMENT SYSTEM and )
   STATE EMPLOYEE RETIREMENT )

**DEFENDANT'S COMBINED MOTIONS FOR LEAVE TO FILE A SUR-REPLY TO
THE CONSOLIDATED MOTIONS OF THE UNITED STATES FOR TURNOVER
ORDERS ("GOVERNMENT'S MOTIONS") &
FOR THE COURT TO SET A HEARING**

---

Now comes Defendant, Jessica Arong O'Brien, appearing *pro se*, and respectfully submits

her Combined Motions for Leave to File a Sur-Reply (a rough draft of the Sur-Reply is attached

herein), and for the Court to schedule a hearing on the Government's Motions. In support thereof,

Defendant states the following:

1)      The government's Reply provides this Court with inaccurate or misleading rules of

law by failing to disclose key facts and circumstances underlying the majority of the case law it

cited from beginning to the end of its brief. For example, the first case it cites is *United States v.*

*Fariduddin*, 469 F.3d 1111, 1112-13 (7th Cir. 2006) for the proposition that the Seventh Circuit in

that case opined that "the payment order acts as a floor, not a ceiling." However, the court there

began and premised its analysis with paragraph 28 of defendant Fariduddin's plea agreement

which "reads: 'The defendant acknowledges and understands that any and all financial obligations

imposed by the sentencing court are due and payable upon entry of the judgment of conviction. The defendant agrees not to request any delay or stay in payment of any and all financial obligations.' Notwithstanding this promise, the only argument that Fariduddin makes on appeal is that under *Day*,[1] he is entitled to a schedule of payments that will postpone the time of full payment." The Department of Justice ("DOJ") Criminal Tax Manual also cites to Fariduddin specifically noting that the defendant there "waived the[e] entitlement" to a payment schedule when he entered into a plea agreement..." with the government. *See also* p. 22 at https://www.justice.gov/tax/page/file/1329376/download. This government's argument should not be given any weight in this case as no plea agreement exists to create a ceiling nor a floor to comport with the court's analysis. This is but one example of the government's misleading arguments throughout its Reply brief. Granting Defendant leave to file her Sur-reply brief and granting her a hearing would unmask this subterfuge and avoid a further miscarriage of justice.

      2)    As with all of its plea agreements, the government compels defendants to agree to make restitution amounts due and payable immediately. In fact, its plea agreements may include language that allow the government to collect restitution beyond actual losses victims sustain, referred to as "heightened restitution" in the DOJ Criminal Tax Manual. Specifically, the manual explains that the plea agreements prosecutors themselves draft can expressly authorize the government to collect a restitution amount "greater than the loss attributable to the offense of conviction." (citing *United States v. Sloan*, 505 F.3d 685, 695 (7th Cir. 2007); *United States v. Cooper*, 498 F.3d 1156, 1158 (10th Cir. 2007), etc.). *Id.* at p.23.

---

[1] *United States v. Kay*, No. 11-218(1) ADM/TNL (D.C. D. Minnesota 2017) (The statutory framework authorizes only the Court to determine how a defendant pays restitution; the Government is limited to enforcing only what the Court ordered (citing *Martinez*, 812 F.3d at 1207)).

3)    The government also cited unpublished cases, where in at least one case, relevant documents were sealed in Pacer and a document that was not sealed provides proof that a plea agreement between the defendant and the government was also entered by the court in that case. Again, as a matter of routine for prosecutors, they are trained to include language "immediately due or fully payable" or similar language when it addresses restitution in its plea agreements.

4)    The government also attached sample turn over orders in its Reply to purportedly show that "this circuit routinely enforce[s] criminal judgments post-sentencing" (p.13) through the garnishment of defendants' retirement accounts post-judgment." *Id.* However, as with its misleading rules of law, the government also failed to disclose key distinguishing facts and circumstances for those sample orders. This likewise results in an inaccurate or misleading catalogue of the government's turnover requests to seize defendants' pension funds. The garnishment of public pensions or retirement accounts as indicated in Defendant's Response is rare, especially where convictions are unrelated to a defendant's employment that established the pension account. And contrary to the government's insistence, it is within the district court's discretion and wisdom to decide on how restitution judgment that it orders are paid. Indeed, this Court, **not the government**, has the power to decide whether Defendant's pensions must be subjected to a government's writ of garnishment, after it takes into account certain factors authorized by Congress in the Mandatory Victims Restitution Act ("MVRA").

5)    The government also conflates applicable rules of law regarding the definition of "penalty" and restitution in its Reply, disregarding the express distinction provided by the United States Supreme Court in *Kokesh v. SEC*, 137 S. Ct. 1635 (June 5, 2017). In fact, the government's Criminal Tax Manual at page 18 also makes this distinction, contrary to the government's Reply.

6)      The government also demonstrated to this Court through its Exhibit B attachment that it did communicate with one of Defendant's attorneys when it issued its citations and argued that, Defendant "could have challenged their issuance but did not." (*See* page 7 of the government's Reply).      Although this is inconsistent with an email Defendant received on May 25, 2021 from the attorney's office that the government corresponded with, this government's argument only supports Defendant's request for this Court to stay the Government's Motions, pending Defendant's filing of her 28 U.S.C. § 2255 Petition.

7)      Another reason to stay the Government's Motions is the holding in *United States v. Litos*, 847 F.3d 906 (7th Cir. 2017) applicable in this case.  There, the Seventh Circuit reversed an order of restitution to Bank of America because the bank did not "have clean hands" and acted recklessly by "clos[ing] its eyes" to phony loan applications and questionable claims about the solvency of the mortgagors involved.  If the Court recalls, one of the government's motions in *limine* prohibited Defendant's trial team from raising all of the egregious CitiMortgage, Inc. and its affiliates' fraudulent mortgage practices which resulted in the government's highest record of civil penalty assessed in the amount of $7 billion against Citigroup, Inc., among others, which required Citigroup to also acknowledge that it made serious misrepresentations to the public. *See also*      https://www.justice.gov/opa/pr/justice-department-federal-and-state-partners-secure-record-7-billion-global-settlement.  This issue will be addressed in more detail in Defendant's 28 U.S.C. § 2255 Petition. In its Reply, the government argued that "…the court should also protect the victim's interest in a defendant's assets, which may be spent or transferred while enforcement is stayed." *See* page 13 of the government's Reply.

First, the government's argument is nonsensical given that the Defendant has been fighting

to keep her pensions intact, so she can have income distributions during her retirement age. As indicated in Defendant's Response, she would agree to pay 25% of any distributions she receives in accordance with the Federal Debt Collection Procedures Act or the Consumer Credit Protection Act should her Restitution Judgment remain outstanding at the time income is distributed from her pensions. Defendant likewise will sign a document to guarantee to this Court that she will not access nor transfer her pension funds, if the Court were to grant a stay. Second, one of the purported victims that the government referred to that it wants to "protect" is Citigroup, Inc. –the parent company (a non-financial institution in 2007) that established through its other non-financial affiliates the CMALT 2007-A5 (a residential mortgage-backed securities trust), the "Third-Party" lender that packaged Christopher Kwan's loans (the first and the second loans to purchase 625 W. 46th St.) before closing was even scheduled. As the government is also well-aware or should have been aware, Citibank, N.A. was only acting as a nominal paying agent for the concealed exculpatory CMALT 2007-A5 trust, another non-financial institution. For months, this Court and Defendant were methodically deceived into believing that Citibank, N.A., the only "financial institution" was the lender, taking the risk of loss when it was only performing a ministerial task as a compensated paying agent pursuant to the CMALT 2007-A5 trust documents. These trust documents, without a doubt, were exculpatory evidence given Defendant's dispositive motions and this Court's "Third-Party" comments following Judy Taylor's testimony at that hearing and prior to the trial in this case.

8)     Defendant brings up this issue now in response to the government's duplicitous argument about the purported victims—in reality, the government concealed from this Court, from Defendant and from the jury that Citigroup or its 2007 affiliates and wholly-owned subsidiary CitiMortgage, Inc. sold securities for profit to "back" Kwan's first and second mortgages. Then,

CitiMortgage, Inc. took all the non-existent losses as its representatives informed the government in the outset. And now, the government wants to take away Defendant's unrelated pensions to award poor Citigroup victim its third windfall of funds. And yes, these arguments will be supported in Defendant's § 2255 Petition, especially because the government's anticipated defense for concealing this exculpatory evidence is that the CMALT 2007-A5 trust documents were public documents, forgetting that Citigroup and its affiliates were actively assisting and supporting the government throughout its prosecution. It also does not explain its key witness, Judy Taylor's perjured testimony or the subornation of her perjured testimony on multiple key issues in this case. Defendant's Sur-Reply is necessary to address the government's errant dismissal of Defendant's pending 28 U.S.C. § 2255 Petition.

9)      Moreover, the government's representation regarding withholding taxes when seizing other defendants' pensions is also in contravention to its past collection practices reflected on the sample orders that it attached to its Reply. The government is well-aware of this mandated tax withholding requirement because at least one of the sample orders it attached to its Reply indicate that the mandated withholding tax amounts for the involuntary withdrawals were in fact deducted or were not turned over to the government.

10)      Subsequent to the government's filing of its Reply, Defendant also asked her accountant as to her family's effective federal tax rate. She learned that her effective tax rate with her husband is 24% or thereabouts and not the 37% erroneously indicated in her Response. Nonetheless, the government argues against deducting this mandatory withholding amounts, which the pension plans are mandated to withhold. In fact, Defendant also learned on June 29, 2021 from one of her plan administrators that if the plan fails to "withhold taxes and the amount is not rolled over into an eligible retirement account, then the System would be liable for the

amount that should have been withheld." Deducting the mandated withholding amounts seems to be routine, and yet the government is arguing against doing what the law requires—a clear display of indifferent or vindictive treatment given to Defendant.

11) The government further argues that Defendant is not entitled to a hearing because it is merely exercising its collection powers set forth in 18 U.S.C. § 3613, 3612 (c)(2), 3613 (a) & (f), 3664 (m)(1)(A) and that its enforcement is done through the Federal Debt Collection Procedures Act and applicable Illinois state law. The government makes this argument while the cases it cited and the sample orders that it attached indicate that **hearings are routinely granted** to defendants when it objects to the filing of the government's Motions for Turnover Orders. Furthermore, exercise of its power is not without limitations and in this case, it flies in the face of the unambiguous MVRA provisions and Congressional intent having granted the absolute power and discretion to this Court of how a restitution is to be paid. The government's argument is not even advocating for shared power in its collection efforts, it is asserting that it has the sole authority and unfettered discretion to go after any defendant's assets as it pleases, in contravention to the MVRA provisions. This Court should take the lead in correcting this government's misapprehension of the law.

12) Contrary to its Reply, there are significant factual disputes and interpretations in this case that warrant a hearing to be held. Hearings are routinely granted by district courts, and is why the majority of the cases it cited through its arguments and sample orders that it attached indicate that the district courts held hearings to address the government's motion for turnover orders, as well as the defendant's objections to these motions.

13) The government's proposed expansive reading of its collection power also runs afoul

the narrow reading of the MVRA mandated by the United States Supreme Court in *Lago v. United States,* 138 S. Ct. 1684 (2018).

14) The government concludes its Reply by stating: "Her defenses have centered solely on her misunderstanding the legal impacts of her criminal judgment." *See* page 15 of the government's Reply. This government's statement, albeit untrue, supports Defendant's request of this Court that in the interest of justice, she be appointed counsel with whom, at a minimum, she can consult with during these proceedings and the preparation, investigation and filing of her 28 U.S.C. § 2255; and

15) When asked if the government has any objection to Defendant's filing of a Sur-Reply, the government's attorney, Mr. Scott Heffron, informed Defendant that his office does not typically agree to additional briefings. Mr. Heffron suggested that Defendant simply files a motion explaining the good cause for additional briefings and it will then consider its next step.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court enter an Order Granting Her:

- Leave to file her Sur-Reply;

- a Hearing at a date convenient for the Court or for a magistrate judge who typically presides over restitution hearings; and

- Appoint Defendant counsel in the interest of justice and to assist her in addressing the Government's Motions and in the filing of her 28 U.S.C. § 2255.

Dated: July 13, 2021                    Respectfully submitted,

JESSICA ARONG O'BRIEN, *Pro Se Defendant*
17cr239obrien@gmail.com
312-965-9604

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served

on the government by emailing a copy to Scott Heffron at Scott.Heffron@usdoj.gov on July 13,

2021.

JESSICA ARONG O'BRIEN, *Pro Se Defendant*
17cr239obrien@gmail.com
312-965-9604

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I verify under the penalty of perjury that the statements or responses set forth in this Motion for Leave to File Her Sur-Reply and the attached and proposed Defendant's Sur-Reply to the Government's Motions are true and correct, except as to matters therein stated to be on information and belief. Executed this 13th day of July, 2021.

JESSICA ARONG O'BRIEN, *Pro Se* Defendant
e-mail: 17cr239obrien@gmail.com
Mobile: 312-965-9604

9

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 17-CR-239 |
| | ) | |
| | ) | Judge Thomas M. Durkin |
| JESSICA ARONG O'BRIEN, | ) | |
| *Defendant* and | ) | |
| | ) | |
| JUDGES RETIREMENT SYSTEM and | ) | |
| STATE EMPLOYEE RETIREMENT | ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

*Via Electronic Mail*:  Temporary_E-Filing@ilnd.uscourts.gov
**TO:**   **Mr. Thomas G. Bruton, Clerk, U.S. District Court, Northern District of Illinois**
     **219 S. Dearborn Street**
     **Chicago, IL 60603**

     **SEE ATTACHED SERVICE LIST**

     **Please take notice that on Tuesday, July 13, 2021, the undersigned filed a copy of DEFENDANT'S COMBINED MOTIONS FOR LEAVE TO FILE A SUR-REPLY TO THE CONSOLIDATED MOTIONS OF THE UNITED STATES FOR TURNOVER ORDERS & FOR THE COURT TO SET A HEARING to the individuals listed in the attached Service List before 5:00 p.m.**

                    Respectfully submitted,

                    **Jessica A. O'Brien,** *Pro-Se* **Defendant**
                    **Dated: July 13, 2021**
                    Mobile: (312) 965-9604
                    Email:  17cr239obrien@gmail.com

## SERVICE LIST

*By email:* Emily_Wall@ilnd.uscourts.gov
Hon. Thomas M. Durkin
c/o: Ms. Emily Wall, Clerk of the Honorable Thomas M. Durkin
219 S. Dearborn Street, Courtroom # 1441
Chicago, IL 60604

*By email:* SHeffron@usa.doj.gov
Mr. Scott D. Heffron, Assistant United States Attorney
219 S. Dearborn Street, Suite 500
Chicago, IL 60605

*By email:* Tim.Blair@srs.illinois.gov & Jeff.Houch@srs.illinois.gov
Mr. Timothy Blair, Executive Secretary & Mr. Jeff Houch,
Judges Retirement System & State Employee Retirement System
2102 S. Veterans Parkway
P.O. Box 19255
Springfield, IL 62794-9255

File

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on the United States of America by emailing a copy to Mr. Scott Heffron at **Scott.Heffron@usdoj.gov** on July 13, 2021 prior to filing the foregoing document with the Clerk of the Northern District of Illinois by email at **Temporary_E-Filing@ilnd.uscourts.gov**. Copies of the filed document were also emailed to: 1) Ms. Emily Wall, Clerk of the Honorable Thomas M. Durkin at **Emily_Wall@ilnd.uscourts.gov,** 2) Mr. Timothy Blair, Executive Secretary, JRS and SERS at Tim.Blair@srs.illinois.gov and 3) Mr. Jeff Houch, JRS and SERS Representative at Jeff.Houch@srs.illinois.gov before 5:00 p.m. on Tuesday, July 13, 2021.

By: JESSICA ARONG O'BRIEN, *Pro Se*-Defendant
Dated: July 13, 2021
17cr239obrien@gmail.com
312-965-9604

cc: File